Circuit Court of Cuyahoga County.

ERNEST BECKER V. EDLA F. SHADE ET AL.

Decided, February 7, 1910.

*Action to Set Aside Deeds Irregularly Executed—Estoppel—Ratification—Tender Back of Consideration.*

In an action to set aside deeds because of their invalidity under the law, relief will be denied the plaintiff where it appears that he has not been wronged or defrauded; that he actively brought about the very situation of which he complains; that he took no prompt steps to notify the defendants of the defect in their title; but stood by while they expended money on the property and made no offer to place the defendants in *statu quo*.

*F. C. Hartman*, for plaintiff in error.

*J. N. Nally, H. B. Crotty, Louis B. Spanner, Fred Bruml* and *James Hossack*, contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

This is an action to set aside two deeds because of their invalidity under the law of Ohio.

The defendants are charged with no fraud; at least so far as the evidence shows, they were innocent purchasers who paid full value for the property; but plaintiff demands his property back, and claims that he is entitled to receive it, solely upon the ground that said deeds were ineffectual to pass the title to the property.

We are inclined to think that a fraud would be perpetrated upon the defendants, if we should grant the relief prayed for by the plaintiff.

It seems that in the latter part of 1908, the plaintiff, desirous of disposing of some vacant lots he owned upon Broadway, in the city of Cleveland, which were encumbered for all they were worth, and contemplating a trip to Europe, signed a blank form of quit-claim deed, which contained no description, grantee's name or consideration, and acknowledged the same before a notary, who, however, did not at the time certify to the acknowledgment. This deed was left with an agent with instructions to trade off the Broadway property as best he could, and to fill in the blanks in the deed, when he got a customer. The agent traded the property with defendant, Edla F. Shade, for some improved property on Holyoke avenue, the latter being deeded to plaintiff's daughter to hold for him, and produced the quit-claim deed in question which meanwhile had been filled in and signed and acknowledged by plaintiff's wife. Mrs. Shade's husband demanded a warranty deed of the premises, and this was furnished, the plaintiff's wife signing his name to it and procuring two witnesses and a notary's certificate of acknowledgment to it; how she managed to do this, we do not know. The Shades had no knowledge that plaintiff was in Europe and supposed both deeds to be genuine and valid. They both appeared to be perfectly regular upon their face.

That these deeds were invalid is clear, and so we stated upon the hearing, but we heard the evidence of the defendants as to their claim that plaintiff should be estopped from asserting their invalidity.

We have no doubt, however, that plaintiff fully believed that he could convey a good title by the quit-claim deed he signed, and intended it to have that effect, and we believe that he instructed his wife to sign his name to any papers that might be needed to transfer said property, and perhaps believed that she could so give good title thereto.

It is apparent from the evidence that plaintiff never knew or supposed the deeds in question were invalid, until the Broadway property had been improved, and he then found it to his interest to upset the transactions.

Both these deeds were dated November 19, 1908. Plaintiff returned from Europe December 19, 1908, and at once was informed of the transaction by his wife. He investigated the transaction, inspected the Holyoke property, and in January, 1909, told his agent that he hadn't got much of a bargain, but that the other side hadn't got any better. His agent told him that Shade was willing to trade back, and this was a fact, but he permitted the agent to collect the rents of the Holyoke property, collected rents himself and notified the tenants that he was their landlord, promising them repairs.

In February, Edla F. Shade contracted to sell the Broadway property to defendant, Blanche Epstein, and the transaction was soon concluded by a deed. Mrs. Epstein paid off mortgages and other liens on the property, mortgaged it to defendant, the Ohio Savings & Loan Co., to secure a building loan, and commenced the creation of a block on the premises.

Plaintiff knew of the erection of the building, at one time visiting the premises and telling Mr. Epstein, then present, that he had more nerve than plaintiff had to improve that property. When said building was nearly completed plaintiff began this suit, offering to deed back the Holyoke property, but tendering no deed until after the conclusion of the hearing in this case.

While plaintiff, perhaps in May, sent notice to Mr. Shade, husband of Edla F. Shade, of his claims, he never notified Mrs. Shade or the defendant, Mrs. Epstein, of his claim.

Plaintiff has never tendered to defendants their expenditures in removing certain liens from the Broadway property.

If the foregoing statement of the facts of the case seems incomplete to plaintiff's counsel, it is because we have disregarded plaintiff's own testimony because of our lack of belief in his veracity.

There appear to be three reasons why plaintiff should not recover in this case:

He has not been wronged or defrauded; he actively brought about the very situation of which he now complains.

He did not promptly take steps to notify defendants of the defect in their title, but stood by while they expended money upon the property; indeed, if such imperfectly executed deeds can be ratified, he did ratify and confirm them.

He has not offered to put defendants in *statu quo*. The tender of a deed was not sufficient.

Petition is dismissed.